## McELFRESH v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 5, 1952.

John Y. Brown and Harry B. Miller, Jr., Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

COMBS, Justice.

The defendant, Earl McElfresh, is charged with the murder of Raleigh Simpson. On his first trial he was sentenced to death. The sentence was set aside by this Court, 243 S.W.2d 497, because we were of the opinion the integrity of certain clothing filed as an exhibit had not been sufficiently established. On the second trial he was sentenced to life imprisonment. This appeal is from that judgment.

The first contention is that the verdict is flagrantly against the weight of the

evidence. The facts are stated in the opinion on the former appeal and will not be repeated here. It is sufficient to say we are of the opinion the verdict is not flagrantly against the weight of the evidence.

Complaint also is made about the instruction on mutual combat which the court gave as a qualification to the self-defense instruction. No objection is made to the form of the instruction, but it is insisted such an instruction was not warranted by the evidence.

The defendant and the deceased had had previous trouble. They met at the Coffee Pot restaurant near Danville at about 9 a. m. on the morning of the killing. Whether the meeting was by design or by accident is not made clear. After some argument between the parties they departed by separate conveyances, each accompanied by two relatives or friends. The defendant and his companions, one of whom was his father, drove out the White Oak road and parked on the highway in front of the home of defendant's brother-in-law. The defendant's father got out of the car and went into the house. The defendant got out of the car and sat on the fender. He was armed with a hunting knife, worn openly in a sheath on his belt. This road was the shortest route to the home of the deceased and was the route which he usually traveled. He and his companions arrived a few minutes later. The deceased got out of his vehicle near the parked car on which defendant was sitting, although this was some 100 yards below his home. There is a conflict in the testimony as to what occurred next, but it is admitted that within a very few minutes the parties were locked in a death struggle and the deceased was stabbed to death. From these circumstances the jury might have concluded the parties engaged in mutual combat. Therefore, the court was correct in giving the mutual combat instruction.

Some complaint is made about the introduction of incompetent evidence, which was later withdrawn from the consideration of the jury with proper admonition by the court. We find no prejudicial error in this respect.

The judgment is affirmed.